IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER GAKUBA,                                3:15-cv-00496-BR

       Plaintiff,                           ORDER

v.

HOLLYWOOD VIDEO, INC., aka
Movie Gallery, dba Hollywood
Video/Movie Gallery Customer
Service; ERIC HOLDER, in his
official capacity as United
States Attorney General; LISA
MADIGAN, in her official capacity
as Illinois Attorney General,

       Defendants.

BROWN, Judge.

    This matter comes before the Court on Plaintiff's Motion (#29) for Reconsideration of this Court's Order (#28) issued April 17, 2015, dismissing this action without prejudice and Plaintiff's *Ex Parte* Motion (#33) for Temporary Restraining

1 - ORDER

Order.

## I. Motion (#29) for Reconsideration

On April 17, 2015, by Order (#28) the Court dismissed this action without prejudice pursuant to 18 U.S.C. § 1915(e) on the ground that Plaintiff had filed an identical action in the Eastern District of California.  In that Order the Court granted Plaintiff leave to amend his First Amended Complaint to raise claims over which this Court has jurisdiction but that could not be raised in the pending action in the Eastern District of California.

Since the Court issued its Order, Plaintiff dismissed his action in the Eastern District of California and filed a Second Amended Complaint (#30) in this action.  Defendant, therefore, has effectively complied with the Court's Order (#28).

Accordingly, Plaintiff's Motion for Reconsideration is moot.

## II. Motion (#33) for Temporary Restraining Order

On April 21, 2015, Plaintiff filed a third *Ex Parte* Motion (#33) for Temporary Restraining Order requesting this Court to enjoin the use of certain personally identifiable information belonging to Plaintiff (including Plaintiff's name, date of birth, driver's license number, telephone number, address, and email address) and information allegedly derived therefrom (including Plaintiff's fingerprints and DNA profile) in an Illinois state criminal proceeding scheduled to go to trial on

April 27, 2015.

"An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22, 32 (2008).

In the first instance, however, a court must have jurisdiction to grant injunctive relief.  *See Taylor v. Westly*, 488 F.3d 1197, 1202 (9th Cir. 2007).  *See also Global Verge, Inc. v. Rodgers*, No. 2:10-cv-01360-RLH-RJJ, 2011 WL 70611, at *8 (D. Nev. Jan. 7, 2011)("The Court cannot issue a temporary restraining order or a preliminary injunction against parties over which it does not have personal jurisdiction.").  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A court may dismiss *sua sponte* matters over which it does not have jurisdiction.  *Zavala v. Mukasey*, No. 07-73381, 2007 WL 4515209, at *1 (9th Cir. Dec. 21, 2007).

A party seeking a temporary restraining order or preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest.  *Winter*, 555 U.S. at 20.  "The elements of [this] test are

3 - ORDER

balanced, so that a stronger showing of one element may offset a weaker showing of another.  For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits."  *Alliance For The Wild Rockies v. Cottrell*, No. 09-35756, 2011 WL 208360, at *4 (9th Cir. Jan. 25, 2011)(citing *Winter*, 129 S. Ct. at 392).  Accordingly, the Ninth Circuit has held "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*, at *7.

Plaintiff contends this Court must enjoin the use of his personally identifiable information in his ongoing Illinois criminal proceeding because law-enforcement officers in that case obtained the information from Hollywood Video in violation of Plaintiff's rights under the First Amendment to the United States Constitution and the Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710.

This Court, however, is not empowered to issue an order enjoining an ongoing state criminal proceeding under these circumstances.  *See RedyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)(stating the "long-standing principle that federal courts sitting in

4 - ORDER

equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings"). "[A]bstention is appropriate when (1) there is 'an ongoing state judicial proceeding,' (2) those 'proceedings implicate important state interests,' and (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Id.* (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In addition, the "requested relief must seek to enjoin - or have the practical effect of enjoining - ongoing state proceedings." *Id.*

The Illinois state criminal proceeding against Plaintiff that is scheduled to go to trial on April 27, 2015, is an ongoing judicial proceeding that implicates important state interests. The requested relief (in effect, an order enjoining the introduction of any evidence concerning Plaintiff's identity, address, telephone number, email address, date of birth, fingerprints, or DNA) would have the practical effect of enjoining the Illinois criminal proceeding. Plaintiff had an opportunity in the Illinois criminal proceeding to challenge the evidence allegedly obtained in violation of Plaintiff's rights under the First Amendment and VPPA. In fact, Plaintiff actually brought these constitutional (and statutory) challenges in the state criminal proceeding when he filed two motions to suppress that the state court granted in part on the grounds that law-enforcement officials obtained the evidence in violation of the

VPPA.  If Plaintiff is ultimately dissatisfied with the Illinois court's adjudication of his motions to suppress, Plaintiff may exercise his right of appeal in the event he is convicted.

In summary, Plaintiff asks this Court to issue a temporary restraining order that would change the scope of the Illinois court's ruling on Plaintiff's motions to suppress.  This Court, however, is not empowered to do so.

Accordingly, on this record the Court denies Plaintiff's *Ex Parte* Motion for Temporary Restraining Order.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#29) for Reconsideration **as moot**.  The Court also **DENIES** Plaintiff's *Ex Parte* Motion (#33) for Temporary Restraining Order.  Plaintiff may not file any further motions for a temporary restraining order or other preliminary relief on this basis.

IT IS SO ORDERED.

DATED this 23rd day of April, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

6 - ORDER