IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER GAKUBA,  3:15-cv-00496-BR

    Plaintiff,  OPINION AND ORDER

v.

HOLLYWOOD VIDEO, INC., aka
Movie Gallery, dba Hollywood
Video/Movie Gallery Customer
Service; LORETTA LYNCH, in her
official capacity as United
States Attorney General; LISA
MADIGAN, in her official capacity
as Illinois Attorney General,

    Defendants.

**PETER GAKUBA**
Robinson Correctional Center
13423 E. 1150th Ave.
Robinson, IL 62454

    Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
Acting United States Attorney
**KEVIN C. DANIELSON**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1000

>     Attorneys for Defendant Loretta Lynch, U.S. Attorney
>     General

**SUNIL S. BHAVE**
Illinois Attorney General's Office
100 W. Randolph, 13th Floor
Chicago, Illinois 60601
(312) 814-4550

>     Attorney for Defendant Lisa Madigan, Illinois Attorney
>     General

**BROWN, Judge.**

This matter comes before the Court on Defendant Illinois Attorney General Lisa Madigan's Motion (#47) to Dismiss and Defendant U.S. Attorney General Loretta Lynch's Motion (#57) to Dismiss for Lack of Jurisdiction. For the reasons that follow, the Court **GRANTS** Illinois Attorney General Madigan's Motion to Dismiss, **GRANTS** U.S. Attorney General Lynch's Motion to Dismiss, and **DISMISSES** all claims as to Attorneys General Madigan and Lynch **without prejudice** to Plaintiff's prosecution of his related claims in *Gakuba v. O'Brien*, 12-cv-7294, in the Northern District of Illinois. Pursuant to Federal Rule of Civil Procedure 4(m), the Court also **ORDERS** Plaintiff to show cause no later than **October 28, 2015**, why his remaining claims against Hollywood

Video, Inc., should not be dismissed without prejudice for failure to effectuate service. In addition, the Court **DENIES** Plaintiff's Motion (#53) for Summary Judgment **as moot** as to Attorneys General Madigan and Lynch and **DENIES** Plaintiff's Motion **as premature** as to Hollywood Video, Inc.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Second Amended Complaint (#30), attached documents, and materials subject to judicial notice and are accepted as true at this stage of the proceedings:

On November 3 and 4, 2006, Illinois State Police (ISP) working in conjunction with special agents from the Federal Bureau of Investigation (FBI) were conducting a criminal investigation regarding allegations of sexual abuse of M.S., a minor, in Rockford, Illinois. M.S. alleged a man sexually abused him in a Marriott hotel room and that the man had three movies ("Scary Movie 1," "Scary Movie 2," and "Scary Movie 3") rented from a local Hollywood Video store in Rockford.

Based on information received from M.S., the officers located the hotel and room in which M.S. alleged he was sexually abused. Officers spoke to the hotel clerk who indicated that room was rented by Plaintiff Peter Gakuba. In addition, M.S. described to officers the vehicle that his alleged abuser drove.

Officers identified a vehicle matching that description outside of the Marriott hotel.

After the officers obtained Plaintiff's name from the hotel clerk and located the automobile matching M.S.'s description outside of the Marriott, the ISP officers contacted Hollywood Video and asked who rented "Scary Movie 1," "Scary Movie 2," and "Scary Movie 3." Hollywood Video employees reported to the officers that Plaintiff rented those movies. ISP officers did not have any warrant or court order authorizing them to obtain records of Plaintiff's movie rentals.

ISP officers searched Plaintiff's hotel room with the consent of the Marriott, but without any warrant or Plaintiff's consent. After searching the hotel room, ISP officers arrested Plaintiff.

During his state-court criminal proceeding Plaintiff moved to suppress evidence under both the Fourth Amendment and the Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710, based on the officers obtaining information concerning his movie rentals from Hollywood Video and the warrantless entry into Plaintiff's hotel room. The trial court granted Plaintiff's motion based on the VPPA and suppressed information received from the Hollywood Video, but the court denied Plaintiff's motion based on the Fourth Amendment and the warrantless entry into his hotel room.

Plaintiff alleges he became aware of the VPPA and

constitutional violations in 2011 during the pendency of his state criminal proceedings.

In addition to his state-court criminal action, Plaintiff has filed several lawsuits regarding alleged constitutional and statutory violations implicated by the officers' actions during the investigation. One of these actions, *Gakuba v. O'Brien*, 12-cv-7294 (N.D. Ill.), remains ongoing. In that case Plaintiff brought 157 claims against various law-enforcement and private defendants (including Hollywood Video) arising from the investigation and his arrest. In many of those claims Plaintiff alleges the defendants violated the VPPA and Plaintiff's rights under the Fourth Amendment. Plaintiff filed that action on September 12, 2012.

Here Plaintiff asserts four claims: Claim One, Plaintiff contends Defendants violated his rights under the First and Fourteenth Amendments when the investigating officers obtained protected speech material from Hollywood Video; Claim Two, Plaintiff alleges the law-enforcement Defendants and Hollywood Video violated Plaintiff's rights under the VPPA when the officers obtained information about the movies that Plaintiff rented from Hollywood Video; Claim Three, Plaintiff asserts a claim under 42 U.S.C. § 1983 for "conspiracy" as a result of Hollywood Video providing Plaintiff's personally identifiable information to the law-enforcement Defendants; and Claim Four,

Plaintiff asserts a § 1983 claim for "supervisor liability" against Defendants because the alleged misconduct was carried out pursuant to the policies and practices of the United States Department of Justice and the Illinois Attorney General.

**ILLINOIS ATTORNEY GENERAL MADIGAN'S MOTION (#47) TO DISMISS**

Illinois Attorney General Madigan moves to dismiss Plaintiff's Second Amended Complaint on the basis that this Court does not have personal jurisdiction over her, and, in any event, Plaintiff has failed to state a claim.

**I.      Standards**

   **A.      Motion to Dismiss for Lack of Personal Jurisdiction**

The party seeking to invoke the personal jurisdiction of the federal court has the burden to establish that the Court has jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). *See also MGA Entertainment, Inc. v. Innovation First, Inc.*, 525 F. App'x 576, 577 (9th Cir. 2013). When "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922

(9th Cir. 2001)(citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977)).

If the court makes a jurisdictional decision based only on pleadings and affidavits submitted by the parties and does not conduct an evidentiary hearing, "the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Doe*, 248 F.3d at 922 (quoting *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995)). When determining whether the plaintiff has met the *prima facie* showing, the court must assume the truth of uncontroverted allegations in the complaint. *Ochoa v. J.B. Martin and Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir. 2002). When the court rules on a defendant's motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff's version of the facts, unless directly contravened, is taken as true, and the court must resolve factual conflicts in the parties' affidavits in the plaintiff's favor. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements LTD*, 328 F.3d 1122, 1129 (9th Cir. 2003).

**B.  Motion to Dismiss for Failure to State a Claim**

To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546). When a complaint is based on facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Federal Rule of Civil Procedure 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (quoting *Parrino v. FHP, Inc.,* 146 F.3d 699,706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.,* 443 F.3d 676 (9th Cir. 2006)).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court must construe *pro se* filings liberally. If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

**II. Discussion**

As noted, Illinois Attorney General Madigan moves to dismiss Plaintiff's claims against her on the grounds that this Court

9 - OPINION AND ORDER

does not have personal jurisdiction over her, and, in the alternative, Plaintiff has failed to state a claim on which relief can be granted.

**A. Personal Jurisdiction**

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over [defendants]." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). "Oregon law authorizes personal jurisdiction over defendants to the full extent permitted by the United States Constitution." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015)(citing Or. R. Civ. P. 4). The Court, therefore, must inquire whether the exercise of jurisdiction over Illinois Attorney General Madigan "'comports with the limits imposed by federal due process.'" *Ranza*, 793 F.3d at 1068 (quoting *Daimler*, 134 S. Ct. at 793).

"For the exercise of personal jurisdiction over a defendant, due process requires that the defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Ranza*, 793 F.3d at 1068 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). " The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza*, 793 F.3d at 1068.

"Specific jurisdiction exists when a case 'aris[es] out of

or relate[s] to the defendant's contacts with the forum.'" *Ranza*, 793 F.3d at 1068 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).  Specific jurisdiction, therefore, "is 'specific' to the case before the court," because it "'depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"  *Ranza*, 793 F.3d at 1068 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 1851 (2011)).

General jurisdiction, on the other hand, "permits a court to hear 'any and all claims' against a defendant, whether or not the conduct at issue has any connection to the forum."  *Ranza*, 793 F.3d at 1068 (quoting *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014)).  A district court has general jurisdiction over the defendant if the plaintiff shows the defendant has "substantial" or "continuous and systematic" contacts with the forum state.  *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006)(quoting *Helicopteros Nacionales de Colombia*, 466 U.S. at 415).  This standard is "fairly high" and requires the contacts to be of the kind that approximates physical presence within the state.  *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1076 (9th Cir. 2003)(internal citations omitted).  Pertinent factors are whether the defendant "makes sales,

11- OPINION AND ORDER

solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated [in the state]." *Gator.Com Corp.*, 341 F.3d at 1076-77 (quotation omitted).

After reviewing the record, the Court concludes the allegations against Illinois Attorney General Madigan in Plaintiff's Second Amended Complaint are insufficient to establish either general or specific personal jurisdiction over her. As a state official in Illinois, there is not any evidence in the record that demonstrates Illinois Attorney General Madigan had such substantial or continuous and systematic contacts with the State of Oregon to establish general personal jurisdiction in this Court.

Moreover, Plaintiff's allegations fall well short of establishing that this Court has specific personal jurisdiction over Illinois Attorney General Madigan. The only allegation in Plaintiff's Second Amended Complaint that relates to any Defendant's contact with the State of Oregon is the fact that Hollywood Video was headquartered here at the time that the investigation occurred. Although "[a] single forum state contact can support jurisdiction if "the cause of action . . . arise[s] out of that particular purposeful contact of the defendant with the forum state," there is not any indication that the ISP officers' single, highly attenuated contact with the State of

Oregon was purposeful. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006).

In summary, the Court concludes on this record that it does not have personal jurisdiction over Illinois Attorney General Madigan, and, therefore, the Court dismisses Plaintiff's claims against Illinois Attorney General Madigan.

### **U.S. ATTORNEY GENERAL LYNCH'S MOTION (#57) TO DISMISS**

As noted, U.S. Attorney General Lynch moves to dismiss Plaintiff's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

**I.  Standard**

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005). The court may permit discovery to determine whether it has jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). *See also Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). As noted, when the court "receives only written submissions, the plaintiff need only make a *prima facie* showing of jurisdiction." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

## II. Discussion

U.S. Attorney General Lynch contends Plaintiff's claims against her must be dismissed because Plaintiff has failed to identify any valid waiver of sovereign immunity.

### A. Waiver of Sovereign Immunity Standard

"As a sovereign, the United States is immune from suit unless it waives such immunity." *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015). The test for waiver of sovereign immunity is a "stringent one." *Hypolite v. Cal. Dep't of Corr.*, 585 F. App'x 628, 628 (9th Cir. 2014)(quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-78 (1999)). "[A] waiver of sovereign immunity must be 'unequivocally expressed in statutory text.'" *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1448 (2012). Sovereign immunity may not be impliedly or constructively waived, and courts must "indulge every reasonable presumption against waiver." *Coll. Sav. Bank*, 527 U.S. at 678-82 (waivers of sovereign immunity must be "unmistakably clear"). Furthermore, "any legislative waiver of immunity must be strictly construed in favor of the sovereign and 'not enlarged beyond what the language requires.'" *Munoz v. Mabus,* 630 F.3d 856, 861 (9th Cir. 2010)(quoting *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992)).

### B. Claim One - First and Fourteenth Amendments

In Claim One Plaintiff contends U.S. Attorney General Lynch

violated Plaintiff's First Amendment rights when the ISP officers obtained Plaintiff's "personally identifiable information" from Hollywood Video.

In the absence of a specific statutory waiver of sovereign immunity, the United States has not waived its sovereign immunity for constitutional claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994). *See also James v. United States*, 467 F. App'x 611, 612 (9th Cir. 2012).[1] Here, Plaintiff has not identified any valid waiver of sovereign immunity as to Claim One.

Moreover, amendment of Plaintiff's Claim One would be futile. Plaintiff lacks standing to maintain Claim One for prospective relief because there is not a "sufficient likelihood that he will again be wronged in a similar way"; *i.e.*, the record does not include any plausible allegation that demonstrates a reasonable likelihood that the government will again illegally obtain Plaintiff's "personally identifiable information" from a movie-rental retailer. See *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). *See also Brown v. Oregon Dep't of Corrections*, 751 F.3d 983, 990 (9th Cir. 2014).

In addition, any reformation of Plaintiff's Claim One for damages would be futile. Even assuming Plaintiff could amend

---

[1] In addition, the Court notes Plaintiff does not allege any action taken by U.S. Attorney General Lynch or any other federal officer in connection with the inquiry to Hollywood Video concerning Plaintiff's movie-rental records.

15- OPINION AND ORDER

Claim One to state a cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against newly-named individual-capacity defendants, such a claim would be barred by the statute of limitations. "The statute of limitations for a *Bivens* action is defined by the relevant state's personal injury statute." *Yasin v. Coulter*, 499 F. App'x 687, 689 (9th Cir. 2011). Both Oregon and Illinois have a two-year statute of limitations for personal-injury actions. *See* Ill. Comp. Stat. 5/13-202; Or. Rev. Stat. § 12.110(1). Plaintiff alleged in his Second Amended Complaint that he discovered the facts that gave rise to his claims in 2011, which was more than three years before Plaintiff filed this action. The statute of limitations, therefore, expired on any potential *Bivens* claim.

Accordingly, on this record the Court dismisses Claim One as to U.S. Attorney General Lynch.

**C. Claim Two**

As noted, in Claim Two Plaintiff alleges U.S. Attorney General Lynch violated the VPPA when the ISP officers obtained Plaintiff's movie-rental records from Hollywood Video without a warrant.

The VPPA provides: "A video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be

liable to the aggrieved person."  18 U.S.C. § 2710(b)(1).
Videotape service providers may disclose such personally
identifiable information to a law-enforcement agency pursuant to
a warrant, a grand-jury subpoena, or a court order.  *Id.* at §
2710(b)(2)(C).  The VPPA authorizes a cause of action for "[a]ny
person aggrieved by any act of a person in violation of this
section may bring a civil action in a United States district
court."  *Id.* at § 2710(c)(1).

There is not any language in the VPPA, however, that waives
the United States' sovereign immunity for claims under the VPPA,
and Plaintiff has failed to identify any valid waiver of
sovereign immunity as to Claim Two.  Moreover, amendment of Claim
Two would be futile for the same reasons as Claim One.

Accordingly, on this record the Court concludes it does not
have subject-matter jurisdiction over Plaintiff's Claim Two
against U.S. Attorney General Lynch under the VPPA, and,
therefore, the Court dismisses Plaintiff's Claim Two as to U.S.
Attorney General Lynch.

**C. Claims Three and Four**

As noted, in Claims Three and Four Plaintiff brings claims
against U.S. Attorney General Lynch under 28 U.S.C. § 1983 for
"conspiracy" to obtain Plaintiff's movie-rental records in
violation of the First Amendment, the Fourteenth Amendment, and
the VPPA and for "supervisor liability" as a result of U.S.

Attorney General Lynch's personal knowledge, facilitation, and approval of a pattern and practice of the officers' allegedly unconstitutional conduct.

An action against federal officials who are not acting under color of state law, however, cannot be brought under § 1983, but instead are properly raised as *Bivens* actions. *Hydrick v. Hunter*, 669 F.3d 937, 940 n.3 (9th Cir. 2012). As noted, however, Plaintiff's claims under *Bivens* are barred by the statute of limitations.

Accordingly, on this record the Court dismisses Plaintiff's Claims Three and Four as to U.S. Attorney General Lynch.

## ORDER TO SHOW CAUSE

Plaintiff filed this action on March 25, 2015. Although more than 120 days have elapsed since Plaintiff filed this action, Plaintiff has not yet effectuated service on Defendant Hollywood Video, Inc. Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), the Court directs Plaintiff to show good cause in writing no later than **October 21, 2015**, as to why this action should not be dismissed without prejudice for failure to serve Hollywood Video, Inc.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Illinois

18- OPINION AND ORDER

Attorney General Madigan's Motion to Dismiss, **GRANTS** U.S. Attorney General Lynch's Motion to Dismiss, and **DISMISSES** all claims as to Attorneys General Madigan and Lynch **without prejudice** to Plaintiff's prosecution of his related claims in *Gakuba v. O'Brien*, 12-cv-7294, in the Northern District of Illinois. Pursuant to Federal Rule of Civil Procedure 4(m), the Court also **ORDERS** Plaintiff to show cause in writing no later than **October 28, 2015**, as to why the remaining claims against Hollywood Video, Inc., should not be dismissed without prejudice for failure to effectuate service. In addition, the Court **DENIES** Plaintiff's Motion (#53) for Summary Judgment **as moot** as to Attorneys General Madigan and Lynch and **DENIES** Plaintiff's Motion **as premature** as to Hollywood Video, Inc.

IT IS SO ORDERED.

DATED this 30th day of September, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge